IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FRANKIE LEVI COLE,

    Plaintiff,

  vs.

SCOTT FRAKES, DCS Director; MICKI
BAUM, DCS Records Administrator; JOHN
OR JANE DOE, DCS Records Keeper;
CRYSTAL RHOADES, Clerk; DENIS
MCDONOUGH, VA Secretary; and
BARBARA LEWIEN,

    Defendants.

**8:25CV666**

**MEMORANDUM AND ORDER**

  Before this Court is a motion to reopen the case, Filing No. 13, filed by Plaintiff Frankie Levi Cole ("Plaintiff") who was incarcerated at the time his Complaint was filed, *see* Filing No. 2 at 1.  On December 10, 2025, the Court ordered Plaintiff to update his address within 30 days or face dismissal of this action.  Filing No. 7.  On January 13, 2026, finding that Plaintiff had not updated his address or taken any other action in this matter, the Court entered an order and a judgment dismissing the action without prejudice.  Filing No. 10; Filing No. 11.  On March 20, 2026, Plaintiff filed the motion to reopen this case  arguing reopening was appropriate because he was not afforded timely opportunity to respond to this Court's prior order requiring him to update his address. Filing No. 13.

  The Court construes Plaintiff's filing as a motion for relief from judgment pursuant to Rule 60(b).[1]  *See Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988) (where

---

[1] A Rule 59(e) motion "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). A Rule 60(b) motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1).  As Plaintiff filed his

moving party fails to indicate which provision of the Federal Rules of Civil Procedure he is relying upon in making his motion to reconsider the judgment, court may treat it as a Rule 59(e) or Rule 60(b) motion). Rule 60(b) provides that a judgment may be set aside, inter alia, for "mistake, inadvertence, surprise, or excusable neglect" or for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(1),(6), and that a motion seeking relief under Rule 60(b) "must be made within a reasonable time—and for reason[] (1) . . . no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1).

Here, Plaintiff's motion to reopen was filed within a reasonable time as it was filed slightly more than two months after the order and judgment of dismissal, and it appears from the record that Plaintiff was released from incarceration around the time the order requiring him to update his address was filed and the order and judgment of dismissal was entered. *See* Filing No. 9; Filing No. 13. The Court notes that, although Plaintiff listed the same address he does now on his Complaint, *see* Filing No. 1 at 1, at the time of filing he was incarcerated at Douglas County Corrections, *see* Filing No. 2; Filing No. 8, which was the mailing address utilized by this Court, *see, e.g.,* Filing No. 9 (listing Douglas County Jail as Plaintiff's mailing address). As such, Plaintiff may have believed there was no need to update his address.

Thus, upon consideration, Plaintiff's case shall be reopened. However, as Plaintiff filed his Complaint while he was incarcerated but he is no longer, he must now file a new application for leave to proceed in forma pauperis if he wishes to continue pursuing this

---

motion more than 28 days after the entry of judgment in this action, he is not eligible for relief under Rule 59(e).

case in forma pauperis.  Plaintiff may, in the alternative, pay the Court's $405.00 filing and administrative fees.

IT IS THEREFORE ORDERED:

1.      Plaintiff's Motion to Reopen, Filing No. 13, treated as a motion filed pursuant to Rule 60(b), is granted.

2.      The Court's Memorandum and Order entered on January 13, 2026, Filing No. 10, is withdrawn.

3.      The Court's Judgment entered on January 13, 2026, Filing No. 11, is set aside and vacated.

4.      Plaintiff must either file a new request for leave to proceed in forma pauperis or pay the Court's $405.00 filing and administrative fees within 30 days.  Failure to take either action will result in dismissal of this matter without further notice to Plaintiff.

5.      The Clerk of the Court is directed to send to Plaintiff the Form AO 240, "Application to Proceed Without Prepayment of Fees and Affidavit."

6.      The Clerk of the Court is directed to set a pro se case management deadline with the following text: **July 9, 2026**: deadline for Plaintiff to file new IFP application or pay filing fee.

Dated this 9th day of June, 2026.

BY THE COURT:

Joseph F. Bataillon

Senior United States District Court

3